## Dennis Gleason, Appellee, v. Chicago City Railway Company et al., Appellants.

### Gen. No. 19,868.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed June 29, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Dennis Gleason against Chicago City Railway Company and John M. Roach and Henry A. Blair, receivers of the Chicago Railways Company, to recover for personal injuries received by plaintiff resulting from a street car of the Chicago City Railway Company colliding with plaintiff's wagon. Plaintiff was driving south in the west car track in Halsted street and a northbound car on the east track was diverted by a switch which led to the west track at 18th street, and when the car reached the west track it collided with plaintiff's wagon, on which he was riding. The defendant receivers were in possession of the railway at the place of the accident and permitted the Chicago City Railway Company to operate over their line of tracks.

The declaration in separate counts alleged that the defendants were guilty of negligence in the management of the switch, in permitting the same to be in defective condition and in the management and operation of the track, switches and cars. To reverse a judgment in favor of plaintiff for thirty-five hundred dollars, defendants appeal.

WATSON J. FERRY, for appellants; LEONARD A. BUSBY, WARNER H. ROBINSON and FRANKLIN B. HUSSEY, of counsel.

GEORGE E. GORMAN and DANIEL L. MADDEN, for appellee; JOHN T. MURRAY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion court.

## Abstract of the Decision.

1. STREET RAILROADS, § 61*—*when company permitting another company to jointly use tracks liable for personal injuries.* Where a street railway company permits another company to use its tracks and an injury results from the negligent operation of the railway, both companies are liable to respond in damages to the party injured.

2. STREET RAILROADS, § 111*—*when doctrine of res ipsa loquitur applicable.* Where a person rightfully on a public street is injured by a street car leaving the track and striking him, such accident is within the maxim *res ipsa loquitur* and the injury, in the absence of any explanation by the defendant company, is prima facie sufficient to justify a recovery.

3. DAMAGES, § 122*—*when recovery for compound fracture of bones of leg not excessive.* A verdict for three thousand five hundred dollars for a compound fracture of both bones of plaintiff's left leg *held* not excessive, it appearing the wound became infected, that plaintiff was confined to his bed for four months, that he was not able to work for a year and that his leg was still painful.

---

Emma K. Delong, Appellee, v. Chicago Railways Company, Appellant.

Gen. No. 19,929.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed June 29, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.